IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE PHILADELPHIA INQUIRER DATA SECURITY LITIGATION | Case No. 2:24-cv-02106<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED**<br><br>**CONSOLIDATED ACTION** |

**[PROPOSED] ORDER GRANTING PLAINTIFFS'
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
<u>OF CLASS ACTION SETTLEMENT</u>**

The Court, having held a Preliminary Approval Hearing on _____ __, 2024, at _____ _.m., in the Courtroom of The Honorable Karen Spencer Marston, Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, 16613 U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106, and having considered all matters submitted to it at the Preliminary Approval Hearing and otherwise, and finding no just reason for delay in entry of this Order Granting Preliminary Approval of Class Action Settlement (this "Order") and good cause appearing therefore, and having considered the papers filed and proceedings held in connection with the Settlement, having considered all of the other files, records, and proceedings in the Action, and being otherwise fully advised,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

**PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**

1.      The Settlement Agreement, attached to Plaintiffs' Unopposed Motion for Preliminary Approval ("Motion for Preliminary Approval") as **Exhibit 1** is incorporated fully herein by reference. The definitions used in the Settlement Agreement are adopted in this Order and shall have the same meaning ascribed in the Settlement Agreement.

2.      The Court has jurisdiction over the claims at issue in this lawsuit, Plaintiffs Ivery Sheree Mosley, Steven Hassell and Christopher Devine ("Plaintiffs"), individually and on behalf of all others similarly situated, and Defendant The Philadelphia Inquirer, LLC ("Philadelphia Inquirer" or "Defendant") (together with Plaintiffs, the "Parties").

3.      The Court finds that the Parties' Settlement as set forth in **Exhibit 1** to Plaintiffs' Motion for Preliminary Approval is fair, reasonable, and adequate, and falls within the range of possible approval, and was entered into after extensive, arm's-length negotiations, such that it is

1

hereby preliminarily approved and notice of the Settlement should be provided to the Settlement Class Members.

## PROCEDURAL HISTORY

4. This case arises out of a data security incident at the Philadelphia Inquirer on or around May 11 through May 13, 2023. Philadelphia Inquirer is a Philadelphia-based newspaper and media company with its principal place of business in Philadelphia, Pennsylvania.

5. Current and former employees and customers, like Plaintiffs, provided some of their private information, including but not limited to names and Social Security numbers.

6. Plaintiffs allege that the Data Incident resulted in the unauthorized access to files within Philadelphia Inquirer's systems. As a result of the Data Incident, on or around April 29, 2024, Philadelphia Inquirer began notifying individuals that their Private Information was potentially impacted by the Data Incident.

7. On May 6, 2024, *Hassell v. The Philadelphia Inquirer, LLC and The Lenfest Institute for Journalism, LLC* was filed in the Court of Common Pleas of Philadelphia County, Pennsylvania (Case No. 240500800). On May 7, 2024, *Devine v. The Philadelphia Inquirer, LLC* was filed (Case No. 240500884). Both cases were subsequently removed to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1446.

8. *Devine* (Case No. 2:24-cv-02503) and *Hassell* (Case No. 24-cv-02499) have been assigned to District Judge Karen S. Marston. *Mosely v. The Philadelphia Inquirer, LLC* was filed in the United States District Court for the Eastern District of Pennsylvania on May 16, 2024, and was also assigned to District Judge Karen S. Marston (Case No. 2:24-cv-02106).

9. On July 23, 2024, Judge Karen S. Marston issued an order consolidating the federal actions [Dkt. No. 15, hereinafter referred to as *In re Philadelphia Inquirer Data Security Litigation*].

10. An Amended Complaint was filed by all three Plaintiffs on July 31, 2024. Dkt. No. 16.

11. Plaintiffs alleged they and Class Members have suffered or will suffer: (i) a risk of fraud and identity theft; (ii) lost or diminished value of Private Information; (iii) out-of-pocket expenses associated with mitigation efforts; (iv) lost opportunity costs associated with mitigation efforts, including lost time; (v) invasion of privacy; and (vi) emotional distress, fear, anxiety, nuisance and annoyance.

12. Plaintiffs sought various relief, including monetary relief and equitable relief enjoining Defendant from engaging in the wrongful conduct complained of and compelling Defendant to utilize appropriate methods and policies with respect to data collection, storage, and safety.

**SETTLEMENT BENEFITS**

13. The Settlement negotiated on behalf of the Class provides for a $525,000 non-reversionary Settlement Fund that will be used to pay for Administrative Expenses, Taxes, any Service Awards, and any Fee Award and Costs. The remaining amount, *i.e.*, the Net Settlement Fund, will be used to pay for Approved Claims submitted by Class Members for Settlement Benefits. Class Members may submit a claim for the following Settlement Benefits:

    a. <u>Credit Monitoring and Insurance Services</u>: Class Members have the option of claiming 12 months of Credit Monitoring and Insurance Services ("CMIS"). The CMIS benefit will provide three credit bureau monitoring services and $1 million

in identity theft insurance. CMIS benefits will be available to Class Members irrespective of whether they took advantage of any previous offering of credit monitoring from Philadelphia Inquirer.

**AND**

b.  <u>Documented Loss Payment</u>: Class Members may submit a claim for a Documented Loss Payment seeking up to $5,000 per person for the reimbursement of Documented Losses with Reasonable Documentation. Documented Losses must be sufficiently supported to show that the claimed loss is more likely than not a result of the Data Incident. The Settlement Administrator will review these claims for compliance with the requirements of the Settlement Agreement. Any claim for a Documented Loss Payment that is rejected, if not timely cured, will be considered for a Cash Fund Payment.

**OR**

c.  <u>Cash Fund Payment</u>: In the alternative to the Documented Loss Payment, Settlement Class Members may instead elect to receive a *pro rata* Cash Fund Payment.

14.  In addition to monetary benefits, Philadelphia Inquirer has implemented or will implement data security measures and enhancements following the Data Incident.

15.  The Settlement Fund shall be used to make payments for the following: (i) reasonable Administrative Expenses incurred pursuant to this Settlement Agreement, (ii) Service Awards approved by the Court, (iii) any amounts approved by the Court for the Fee Award and Costs, and (iv) applicable taxes, if any.

16. The remaining amount is the Net Settlement Fund, available for (i) the costs of providing the CMIS; (ii) Approved Claims for Documented Loss Payments (up to $5,000 per claim); and (iii) Approved Claims for *pro rata* Cash Fund Payments.

17. The Settlement Administrator will first apply the Net Settlement Fund to pay for CMIS claimed by Class Members. If Net Settlement Funds remain after paying for the CMIS, the Settlement Administrator will next use it to pay valid claims for Documented Loss Payments. The amount of the Net Settlement Fund remaining after all Documented Loss Payments are applied and the payments for the CMIS are made shall be referred to as the "Post CMIS/DL Net Settlement Fund." The Settlement Administrator shall then utilize the Post CMIS/DL Net Settlement Fund to make all *pro rata* Cash Fund Payments. The amount of each *pro rata* Cash Fund Payment shall be calculated by dividing the Post CMIS/DL Net Settlement Fund by the number of valid claims submitted for Cash Fund Payments.

18. The Settlement Fund is non-reversionary. To the extent any monies remain in the Net Settlement Fund more than 120 days after the distribution of Settlement Payments, a subsequent Settlement Payment, assuming such payment is over $3.00, will be evenly made to all Class Members with Approved Claims for Cash Fund Payments, who cashed or deposited the initial payment they received. Should any remaining amount of the Net Settlement Fund be economically not distributable, 100% of the amount remaining in the Net Settlement Fund, if any, shall be given to the Pennsylvania Interest on Lawyers Trust Account Board (PA IOLTA).

## **CLASS CERTIFICATION**

19. For purposes of settlement only, the Court provisionally certifies the class, defined as follows:

> The approximately 25,549 natural persons whose Private Information was potentially compromised in the Data Incident. (the "Class").

20.     Excluded from the Settlement Class are: (1) the Judge(s) presiding over the Action and members of their immediate families and their staff; (2) Philadelphia Inquirer and its affiliates, including their subsidiaries, parent companies, successors, predecessors, and any entity in which Philadelphia Inquirer or its affiliates and their parents, have a controlling interest, and their current or former officers and directors; (3) natural persons who properly execute and submit a Request for Exclusion prior to the expiration of the Opt-Out Period; and (4) the successors or assigns of any such excluded natural person.

21.     The Court provisionally finds for Settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the Class Representatives' claims are typical of the claims of the Settlement Class; (d) the Class Representatives will fairly and adequately protect the interests of the Settlement Class; and (e) the Court finds that the questions of law or fact common to the Settlement Class Members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

**SETTLEMENT CLASS COUNSEL AND THE CLASS REPRESENTATIVES**

22.     Plaintiffs Ivery Sheree Mosley, Steven Hassell and Christopher Devine, as described more fully in their Consolidated Class Action Complaint filed in this Action on July 31, 2024, are hereby provisionally designated and appointed as the Class Representatives. The Court provisionally finds that the Class Representatives are similarly situated to absent Settlement Class Members and are typical of the Settlement Class, and, therefore, they will be adequate Class Representatives.

23. The Court finds that Benjamin F. Johns of Shub & Johns LLC, Kenneth J. Grunfeld of Kopelowitz Ostrow Ferguson Weiselberg Gilbert, Terence R. Coates of Markovits, Stock & DeMarco, LLC and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman PLLC, the Proposed Co-Lead Class Counsel, are experienced and adequate counsel and are provisionally designated as Settlement Class Counsel.

## NOTICE TO SETTLEMENT CLASS

24. Pursuant to Federal Rule of Civil Procedure 23(e), the Court approves the Summary Notice and the Long Form Notice (the "Settlement Notices"), attached as **Exhibits B** and **C**, respectively, to the Settlement Agreement, and finds that the dissemination of the Settlement Notices substantially in the manner and form set forth in § 6 of the Settlement Agreement complies fully with the requirements of the Federal Rule of Civil Procedure 23 and due process of law, and is the best notice practicable under the circumstances.

25. The Court further approves the Claim Form, substantially similar to **Exhibit A** to the Settlement Agreement, which will be available both on the Settlement Website and by request.

26. The Notice procedures described above are hereby found to be the best means of providing Notice under the circumstances and, when completed, shall constitute due and sufficient Notice of the proposed Settlement Agreement and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

27. The Court hereby orders that, within ten (10) days of entry of this Order, Philadelphia Inquirer shall provide to the Settlement Administrator the contact information of Settlement Class Members (Settlement Class List), including names and physical addresses, that is currently in Philadelphia Inquirer's possession.

28. No later than thirty-five (35) days from the date of this Order preliminarily approving the Settlement ("Notice Date"), Class Counsel shall cause the Settlement Administrator to send via U.S. mail the Summary Notice to each Settlement Class Member and shall cause to be published the Long Form Notice, thereby making it available to the rest of the Settlement Class as stated in the proposed Notice Plan.

29. All costs incurred in disseminating and otherwise in connection with the Settlement Notices shall be paid from the Settlement Fund.

30. The Settlement Notices and Claim Form satisfy the requirements of due process and of Rule 23(e) of the Federal Rules of Civil Procedure and thus are approved for dissemination to the Settlement Class. The Claim Form shall be made available to the Settlement Class as set forth on the Notice Plan and shall be made available to any potential Class Member that requests one.

**RESPONSES BY SETTLEMENT CLASS MEMBERS AND THE SCHEDULING OF THE FINAL APPROVAL HEARING**

31. Settlement Class Members may opt-out or object up to sixty (60) days from the Notice Date (the "Opt-Out Period").

32. Any members of the Settlement Class who wish to be excluded ("opt-out") from the Settlement Class must send a written Request for Exclusion to the designated Post Office Box established by the Settlement Administrator postmarked on or before the end of the sixty-day Opt-Out Period. Members of the Settlement Class may not opt-out of the Settlement by submitting requests to opt-out as a group or class, but must in each instance individually and personally sign and submit a Request for Exclusion. All Settlement Class Members that opt-out of the Settlement will not be eligible to receive any benefits under the Settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to

independently pursue any claims they may have against Philadelphia Inquirer or the other Released Parties.

33. Any member of the Settlement Class who does not properly and timely opt-out of the Settlement shall, upon entry of the Order and Final Judgment, be bound by all the terms and provisions of the Settlement Agreement and Release, whether or not such Settlement Class Member objected to the Settlement and whether or not such Settlement Class Member received consideration under the Settlement Agreement.

34. The Court adopts the following schedule for the remaining events in this case, which ensures that the appropriate state and federal officials are served with the notification required by the Class Action Fairness Act:

| Event | Date |
|---|---|
| Philadelphia Inquirer provides CAFA Notice required by 28 U.S.C. § 1715(b) | Within 10 days after the filing of this Motion |
| Philadelphia Inquirer to provide contact information for Settlement Class Members | Within 10 days after entry of Preliminary Approval Order |
| Notice Plan commences ("Notice Date") | Within 35 days after entry of Preliminary Approval Order |
| Compliance with CAFA Waiting Period under 28 U.S.C. § 1715(d) | 90 days after the appropriate governmental offices are served with CAFA notice |
| Postmark deadline for Requests for Exclusion (Opt-Out) and Objections | 60 days after commencement of Notice Plan |
| Deadline to file Plaintiffs' Motion for Final Approval of the Settlement Agreement and Motion for Attorneys' Fees, Expenses, and Service Awards | No later than 14 days prior to the Opt-Out/Objection Deadline |
| Postmark/Filing deadline for members of the Class to file claims | 90 days after Notice Date |
| Deadline for Plaintiffs to file any Response to Objections or Supplement to Motion for Final Approval | No later than 7 days prior to the Final Approval Hearing |

9

| Deadline for Settlement Administrator to file or cause to be filed, if necessary, a supplemental declaration with the Court | At least 5 days prior to the Final Approval Hearing |
|---|---|
| Final Approval Hearing | No earlier than 120 days after Preliminary Approval Order; to be set by the Court and held at the Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, 16613 U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106 in Courtroom ___ and/or by virtual attendance, details of which to be provided before the Final Approval Hearing on the Settlement Website. |

35. A hearing on the Settlement (the "Final Approval Hearing") shall be held before this Court on a date set by the Court no earlier than 120 days after entry of the Preliminary Approval Order.

36. At the Final Approval Hearing, the Court will consider (a) the fairness, reasonableness, and adequacy of the proposed class Settlement and whether the Settlement should be granted final approval by the Court; (b) dismissal with prejudice of the Action; (c) entry of an order including the Release; (d) entry of the Final Approval Order; and (e) entry of final judgment in this Action. Class Counsel's application for the Fee Award and Costs, and request for the Court to award a Service Award to the named Plaintiffs, shall also be heard at the time of the hearing.

37. The date and time of the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Class, other than that which may be posted on the Settlement Website or by the Court. Should the Court adjourn the date for the Final Approval Hearing, that shall not alter the deadlines for mailing and publication of Notice, the completion of the Opt-Out Period, or the deadlines for submissions of Settlement objections, claims, and notices of intention to appear at the Final Approval Hearing unless those dates are explicitly changed by subsequent Order. The Court may also decide to hold the hearing via Zoom

or telephonically. Instructions on how to appear at the Final Approval Hearing will be posted on the Settlement Website.

38. Any person or entity who or which does not elect to be excluded from the Settlement Class may, but need not, enter an appearance through its own attorney. Class Members that do not timely object or opt-out and that do not have an attorney enter an appearance on their behalf will be represented by Class Counsel.

39. Any person or entity who or which does not elect to be excluded from the Settlement Class may object to the proposed Settlement. Any Settlement Class Member may object to, among other things, (a) the proposed Settlement, (b) entry of Final Approval Order and the judgment approving the Settlement, (c) Class Counsel's application for Fee Award and Costs, or (d) the Service Award request, by mailing a written objection, with a postmark date no later than the Objection Deadline, to Class Counsel and Philadelphia Inquirer's counsel. The Settlement Class Member making the objection (the "Objector") or his or her counsel may also file an objection with the Court through the Court's Electronic Court Filing ("ECF") system, with service on Class Counsel and Philadelphia Inquirer's Counsel made through the ECF system. For all objections mailed to Class Counsel and counsel for Philadelphia Inquirer, Class Counsel will file them with the Court with the Motion for Final Approval of the Settlement.

40. The Objector's objection must be submitted to the Settlement Administrator, Class Counsel identified below, and to the Court either by: (1) mailing them to Clerk in the Action, United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106; or (2) filing them in person in the Action at the Courthouse.

41. To be valid, the objection must include: (i) the Class Member's full name, current mailing address, and telephone number; (ii) proof that the Class Member is a member of the

Settlement Class (e.g., copy of the Settlement Notice, copy of the original notice of the Data Incident); (iii) the specific factual and legal grounds for the objection; (iv) the name(s) of all counsel representing the Class Member, if any; (v) a list, including case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement in the past five (5) years; and (vi) a statement regarding whether the Class Member (or counsel of his or her choosing) intends to appear at the Final Approval Hearing.

42. Only Settlement Class Members that have filed and served valid and timely notices of objection shall be entitled to be heard at the Final Approval Hearing. Any Settlement Class Member who does not timely file and serve an objection in writing in accordance with the procedure set forth in the Class Notice and mandated in this Order shall be deemed to have waived any objection to (a) the Settlement; (b) the Release; (c) entry of Final Approval Order or any judgment; (d) Class Counsel's application for fees, costs, and expenses; and/or (e) the Service Award request for the named Plaintiffs, whether by appeal, collateral attack, or otherwise.

43. Settlement Class Members need not appear at the hearing or take any other action to indicate their approval of the Settlement.

44. Upon entry of the Order and Final Judgment, all members of the Settlement Class that have not personally and timely requested to be excluded from the Settlement Class will be enjoined from proceeding against Philadelphia Inquirer and all other Released Parties with respect to all of the Released Claims.

45. Philadelphia Inquirer shall cause to be prepared and sent all notices that are required by the Class Action Fairness Act of 2005 ("CAFA") as specified in 28 U.S.C. § 1715. The costs associated with providing notice under CAFA shall be paid from the Settlement Fund.

46. Class Counsel and counsel for Philadelphia Inquirer shall cooperate promptly and fully in the preparation of such notices, including providing Philadelphia Inquirer with any and all information in its possession necessary for the preparation of these notices. Philadelphia Inquirer shall provide, or cause to be provided, courtesy copies of the notices to Class Counsel for the purpose of implementing the settlement. Philadelphia Inquirer shall provide notice to Class Counsel of compliance with the CAFA requirements within ten (10) days of providing notice to Attorneys General under CAFA.

## **ADMINISTRATION OF THE SETTLEMENT**

47. The Court hereby appoints the claims administrator proposed by the parties, Verita Global, LLC ("Settlement Administrator"). Responsibilities of the Settlement Administrator shall include: (a) establishing a post office box for purposes of communicating with Settlement Class Members; (b) disseminating Notice to the Class; (c) developing a Settlement Website to enable Settlement Class Members to access documents; (d) accepting and maintaining documents sent from Settlement Class Members relating to claims administration; and (e) distributing Settlement checks to Settlement Class Members. Pursuant to the Settlement Agreement, the Settlement Administrator and Administrative Expenses shall be paid from the Settlement Fund.

48. In the event the Settlement Agreement and the proposed Settlement are terminated in accordance with the applicable provisions of the Settlement Agreement—the Settlement Agreement, the proposed Settlement, and all related proceedings shall, except as expressly provided to the contrary in the Settlement Agreement, become null and void, shall have no further force and effect, and Settlement Class Members shall retain all of their current rights to assert any and all claims against Philadelphia Inquirer and any other Released Party, and Philadelphia Inquirer and any other Released Parties shall retain any and all of their current defenses and

arguments thereto (including, but not limited to, arguments that the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) are not satisfied for purposes of continued litigation). The Action shall thereupon revert forthwith to its respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

49.     Neither this Order nor the Settlement Agreement nor any other Settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other Settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by Philadelphia Inquirer as to the validity of any claim that has been or could have been asserted against it or any other Released Party as to any liability by them as to any matter set forth in this Order, or as to the propriety of class certification for any purposes other than for purposes of the current proposed Settlement.

**SO ORDERED** this _____ day of _____, _____.

                                                            KAREN SPENCER MARSTON, J.